# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT ) <br> OF PIERCE A. HENINGBURG & HEIDI ) <br> H. HENINGBURG AS OWNERS OF ) <br> UNNAMED, 1985 CRUISERS YACHTS 336 ) <br> ULTRA-VEE BEARING HIN ) <br> #CRS4425BD585 & STATE OF ALABAMA ) <br> #AL-1449-AE FOR EXONERATION ) <br> FROM OR LIMITATION OF LIABILITY ) | CASE: 1:19-00341-KD-N |

## ORDER

This matter is before the Court on Petitioner's Rule 55(b)(2) and Supplemental Rule F(5) motion for entry of final default judgment against all non-filing parties. (Doc. 49).

## I. Background

On July 9, 2019, Petitioner filed a Complaint for Exoneration from or Limitation of Liability pursuant to the *Shipowners' Limitation of Liability Act*, 46 U.S.C. §§ 30501-30512, and Supplemental Admiralty Rule F of the Federal Rules of Civil Procedure, for any injuries, death, damages, or losses of whatever description arising from the March 7, 2019 fire at Grand Mariner Marina in Mobile, Alabama involving their 1985 CRUISERS YACHTS 336 ULTRA-VEE BEARING HIN #CRS4425BD585 & STATE OF ALABAMA # AL-1449-AE (the "Vessel"). (Docs. 1-4). On July 12, 2019, pursuant to Supplemental Rule F(4), the Court issued an Order Restraining Suits, Approving Limitation Plaintiffs' Security, Directing Issuance of Notice and the Filing of Claims. (Doc. 5). This Order required that the Notice be published in accordance with Supplemental Rule F and that Petitioner mail, not later than the day of the second publication, a copy of said Notice to every person known to have made any claim against Petitioner or the Vessel arising out the incident described in the Complaint. Said mailings and public notice were made. (Doc. 19-1; Doc. 19-2; Doc. 20). Pursuant to Supplemental Rule F(4), the Court's Order gave

notice to all "persons or corporations" with claims with respect to the incident involving the Vessel on March 7, 2019. (Doc. 7). The Order and Notice directed that all persons having such claims must file them as provided for in Supplemental Rule F with the Clerk of Court and serve on or mail to Petitioners attorney a copy thereof, on or before August 15, 2019. (Id.)

The deadline for receipt of Claims and Answers has expired. The following Answers and Claims were filed prior to expiration of the deadline: Dennis Pilarcyzk (Doc. 25); Sam Williams (Doc. 26); Grand Mariner Marina (Doc. 27); William Whitehall (Doc. 28); and Liberty Mutual Fire Insurance Company a/s/o Terri Carrier (Docs. 21, 30). On August 16, 2019, Petitioner moved for a Clerk's Default against all non-filing/appearing parties. (Doc. 31). On August 21, 2019, per Fed.R.Civ.Proc. Rule 55(a), the Clerk entered a default against all non-filing parties. (Doc. 37). Petitioner moves for entry of default judgment as to all non-filing/appearing parties. (Doc. 49).

**II.** **Discussion**

As aptly summarized in the Matter of Freedom Marine Sales, LLC, 2019 WL 3848875, *1-2 (M.D. Fla. Jul 31, 2019) *report and recommendation adopted* 2015 WL 3835945 (M.D. Fla. Aug. 15, 2019) (entering default judgment against parties who failed to respond, answer or appear):

> In an action to exonerate or limit liability from claims arising out of maritime accidents, the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure set forth strict deadlines for providing notice to potential claimants and filing claims. Pursuant to Supplemental Rule F(4):
>
>> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Fed. R. Civ. P. Supp. F(4). Once such notice has been given, all claims "shall be filed and served on or before the date specified in the notice provided ..." Fed. R. Civ. P. Supp. F(5). "If a claimant desires to contest either the right to exoneration from or the right to limitation of liability, the claimant shall file and serve an answer to the complaint unless the claim has included an answer." *Id.*

In cases arising under these rules, a default judgment will be entered against any potential claimant who has failed to respond to public notice of a complaint for exoneration from and/or limitation of liability within the established notice period so long as the petitioner has fulfilled "[its] obligation to publish notice of the limitation proceeding ... the [n]otice expressly and clearly stated the deadline for filing a claim and/or answer ... and [the notice stated] that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer." *In re Petition of Holliday*, No. 6:14-cv-1709-Orl-28DAB, 2015 WL 3404469, at *3 (M.D. Fla. May 26, 2015) (citation omitted); *see also In the Matter of Reef Innovations, Inc.*, No. 11-cv-1703, 2012 WL 195531, at *2 (M.D. Fla. Jan. 6, 2012) (noting that a party seeking a default judgment on a complaint for exoneration from or limitation of liability must first publish a notice of the action in a newspaper for four consecutive weeks).

Petitioners fulfilled their obligation to publish a notice of the limitation proceeding once per week for four consecutive weeks…..as required by Supplemental Rule F(4)…..Further, Petitioners have fulfilled their obligations by mailing, via certified mail, a copy of their Complaint and the Court's Order Approving Ad Interim Stipulation, Notice of Monition, and Injunction, to all known potential claimants to this Limitation proceeding required by Supplemental Rule F and Local Admiralty Rules.

The Court's Order and Notice of Monition expressly and clearly stated …. the deadline for filing a claim ….. and that a consequence of failing to file a timely claim was default ….The deadline mandated by the Court for filing claims has expired…..

Under these circumstances, Petitioners have demonstrated that an entry of default judgment is warranted.

Thus, entry of a final default judgment for exoneration is proper as to potential claimants who have not responded to a newspaper publication of a court's notice to assert claims by a certain date, so long as the moving petitioners have satisfied the publishing/notice obligations. Id. See, e.g., In re: in the Matter of the Complaint of Shawna Raye, LLC, 2016 WL 3579018, *1 (M.D. Fla. May 9, 2016), *report and recommendation adopted* 2016 WL 3525001 (M.D. Fla. Jun. 28, 2016); In re: Ruth, 2016 WL 4708021 (M.D. Fla. Aug., 23, 2016) *report and recommendation adopted* In re 37' 2000 Intrepid Powerboat, 2016 WL 4667385 (M.D. Fla. Sept. 7, 2016); In the Matter of X–Treme Parasail, Inc., 2011 WL

3

4572448, *1 (D. Haw. Sept. 12, 2011); In the Matter of Reef Innovations, Inc., 2012 WL 195531, *2 (M.D. Fla. Jan. 6, 2012).

Petitioner has complied with the publication notice requirements per Supplemental Rule F(4). (Docs.19, 20). The Court's Order (Doc. 7) and Publication Notice (Doc. 19-1) identify the consequences for failure to file claims within the time ordered, including potential default and waiver of claims. Such notice by publication (and mail) satisfies due process as to any potential claimants. As a result of the Notice published and provided, five (5) Claimants have come forward claim against the Petitioners. The time for filing any other claims against the Petitioners has expired. Entry of default judgment is proper when a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). As shown by the record, any parties wishing to make a claim with respect to the subject of this case had to file a claim by August 15, 2019. The deadline to file a claim has passed. Thus, those parties -- albeit unidentified/unknown -- who/which have already been found to be in default, are now properly subject to entry of a default judgment against them.

### III. Conclusion

Accordingly, it is **ORDERED** that the Petitioner's motion for default judgment against all non-filing/appearing parties (Doc. 49) is **GRANTED** such that **DEFAULT JUDGMENT** is entered in favor of Petitioner and against all non-filing/appearing parties (parties that have not answered or filed claims) with regard to this case (for any injuries, death, damages, or losses of whatever description arising from the March 7, 2019 fire at Grand Mariner Marina in Mobile, Alabama involving their 1985 CRUISERS YACHTS 336 ULTRA-VEE BEARING HIN #CRS4425BD585 & STATE OF ALABAMA # AL-1449-AE).

**DONE** and **ORDERED** this the **22nd** day of **October 2019.**

/s/Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**